IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA - BUTTE DIVISION

| | |
|---|---|
| NATHANIEL KIBBY<br>#3019567 (INMATE)<br>PETITIONER / PLAINTIFF<br><br>VS.<br><br>JIM SALMONSON<br>WARDEN - MSP - DEER LODGE<br>DEFENDANT | EMERGENCY PETITION<br>FOR A TEMPORARY RESTRAINING<br>ORDER  - AND-  ORDER TO<br>SHOW CAUSE FOR A PRELIMINARY<br>INJUNCTION |

I. THE PETITIONER (KIBBY) REQUESTS AN EMERGENCY ORDER GRANTING
A TEMPORARY RESTRAINING-ORDER AND FURTHER REQUESTS AN ORDER TO
SHOW CAUSE FOR A PRELIMINARY INJUNCTION AGAINST THE DEFENDANT(S)
(SALMONSON), HIS SUCCESSOR IN OFFICE, AGENTS, EMPLOYEES, AND ALL OTHER
PERSONS ACTING IN CONCERT AND PARTICIPATION WITH HIM; FROM DISCARDING,
DESTROYING, OR DISPOSAL OF THE PETITIONERS PERSONNAL PROPERTY WHILE
THE PETITIONER WORKS TO EXHAUST HIS ADMINISTRATIVE AND LEGAL REMIDIES.
IN SUPPORT OF THESE REQUESTS THE PETITIONER ASSERTS THE FOLLOWING FACTS:

1) On 9/7/18, THE PETITIONER WAS AN IMMATE AT THE MONTANA STATE PRISON WHEN
HE WAS REMOVED FROM GENERAL POPULATION, AND PLACED IN PREHEARING
CONFINEMENT WHEN HE RECIEVED A DISCIPLINARY WRITE UP, FOR THREATNINE.

2) On 9/12/18, THE PETITIONER WAS FOUND GUILTY OF THE DISCIPLINARY INFRACTION.
HE APPEALED THE FINDINGS.

3) On 9/13/18, THE PETITIONER WAS RECLASSIFIED TO A CLOSE CUSTODY GENERAL
POPULATION HOUSING UNIT, UPON COMPLETION OF HIS DISCIPLINARY CONFINEMENT.

4) On 10/2/18, THE PETITIONER COMPLETED HIS TIME IN DISCIPLINARY CONFINEMENT
EXPECTING TO RETURN TO GENERAL POPULATION HOUSING AND RECIEVE ALL OF HIS

STORED PERSONNAL PROPERTY BACK. INSTEAD HE WAS TAKEN TO MAX CUSTODY LOCKED HOUSING UNIT (ADMINISTRATIVE SEGREGATION) WITHOUT NOTICE OR DUE PROCESS.

5) On 10/7/18, THE PETITIONER RECIEVED LIMETED PERSONNAL PROPERTY BACK, AS A RESULT OF HIS MAX CUSTODY HOUSING. HE WAS INFORMED THAT THE BALANCE OF HIS UNDELIVERED PROPERTY WOULD BE DISCARDED IF NOT MAILED OUT WITHIN 30 DAYS. THE PETITIONER IS INDIGENT AND HAS NO FUNDS TO MAIL OUT HIS PERSONNAL PROPERTY, LEAVING FORCED DISPOSAL AS THE ONLY OPTION.

6) On 10/7/18, THE PETITIONER INITIATED THE PROCESS OF ADMINISTRATIVE REMIDIES, BY FILING SEVERAL GRIEUENCES CONCERNING: (A) DENIAL OF DUE PROCESS AT HIS DISCIPLINARY HEARING (5th, and 14th AMENDMENTS) (B) DENIAL OF DUE PROCESS IN BEING HOUSED IN ADMINISTRATIVE SEGREGATION (5th AND 14th AMENDMENTS). (C) VIOLATION OF PROPERTY RIGHTS THROUGH IMPENDING FORCED DISPOSAL OF OTHERWISE AUTHORIZED PERSONNAL PROPERTY (5th Amendment and 14th AMENDMENT), (D) IMPROPER CENSORSHIP OF BOOKS AND PUBLICATIONS WHEN STAFF CHOSE WHICH BOOKS TO THE PETITIONER, AND WHICH TO WITHOLD, WITHOUT HIS INPUT (1st AMENDMENT, 5th AND 14th ALSO), (E) VIOLATION OF RELIGIOUS FREEDOM BY WITHOLDING STUDY BIBLES, AND OTHER ESSENTIAL RELIGIOUS PUBLICATIONS (RLUIPA, 1st, 5th, 14th AMendments), (F) Together oR SEPERATELY THESE LEGAL AND OR CONSTITUTIONAL VIOLATIONS RAISE CRUEL AND UNUSUAL PUNISHMENT VIOLATIONS (8th AMENDMENT). (SEE GRIEUANCE EXHIBITS: A-G FOR MORE DETAILS, INCLUDED)

7) THE PRISON GRIEUANCE PROCESS HAS 4 LEVELS (INFORMAL, FORMAL, WARDEN APPEAL, DOC DIRECTOR APPEAL), AND CAN TAKE UP TO 6 MONTHS TO COMPLETE. THE PETITIONER MUST COMPLETE THE ADMINISTRATIVE REMIDIES PROCESS 1ST, BEFORE FILING A CIVIL RIGHTS CLAIM IN COURT.

8) THE PETITIONERS PROPERTY WILL BE FOREVER DISCARDED BY PRISON STAFF LONG BEFORE EXHAUSTION OF THE GRIEUANCE PROCESS, OR THE INITIATION OF LEGAL PROCEEDINGS FOR CIVIL RIGHTS VIOLATIONS IN FEDERAL OR STATE COURTS.

9) THE PROBABILITY THAT THE PETITIONERS CLAIM FOR ACTUAL DAMAGES (CAUSED FROM CONSTITUTIONAL, AND/OR LEGAL STATUTES VIOLATED OF HIS PROPERTY RIGHTS BY THE PRISON STAFF DISCARDING PROPERTY, DENIAL OF DUE PROCESS, CENSORSHIP, VIOLATING RELIGIOUS EXPRESSION, ETC) WILL BE PREVENTED BY THE DEFENDANT(S) QUALIFIED IMMUNITY FROM DAMAGES RELATING TOO, IS NEARLY 100% CERTAIN; AS THEY WILL ASSURADLY CLAIM THEIR ACTIONS - EVEN IF UNCONSTITUTIONAL, OR ILLEGAL BY LAW - WERE IN GOOD FAITH AND THE LAW WAS UNCLEAR TO THEM.

10) WITHOUT AN EMERGENCY TEMPORARY RESTRAINING ORDER, AND A PRELIMINARY INJUNCTION - INSTRUCTING THE PRISON TO REFRAIN FROM DISCARDING THE PETITIONERS PERSONNAL PROPERTY (CURRANTLY IN STORAGE) - THE PETITIONER WILL SUFFER IMMEDIATE AND IRREPARABLE INJURY, LOSS, OR DAMAGE AS A RESULT. PROPERTY THAT IS UNIQUE RELIGIOUS PUBLICATIONS - PETITIONER IS INDIGENT AND CANNOT REPLACE. THIS IS ANTICIPATED TO OCCUR ON OR AROUND 11/7/18.

11) ALSO, THE PETITIONER ADVICES THE COURT THAT HE HAS NO ACCESS TO A TYPEWRITER, OR ACCESS TO LEGAL RESEARCH MATERIALS, AT THE TIME THIS PETITION WAS DRAFTED, RETARDING HIS ABILITY TO BETTER PREPARE OR SUPPLEMENT THIS PETITION WITH LEGAL CITATIONS AND CASELAW. INSTEAD FILING THIS PETITION IN SHORT TIME, WITH LIMETED RESOURCES, TO THE BEST OF HIS ABILITY.

12) THE STORAGE OF ALL WITHELD PERSONNAL PROPERTY - FOR A PERIOD OF TIME TO COMPLETE THE GRIEVANCE PROCESS (6 MONTHS), AND SEEK, OR INITIATE A JUDICIAL REMEDY (LESS THAN 1 YEAR) - BY THE PRISON PROPERTY OFFICE IS AN INSIGNIFICANT BURDEN. THE PROPERTY IN QUESTION IS LESS THAN 4 CUBIC FEET BY POLICY, ALREADY SEARCHED, INVENTORIED, AND STORED. LEAVING THE PRISON TO SUFFER NO INCONVENIENCE BEYOND IGNORING IT.

13) IT IS IN THE PUBLIC INTREST FOR PRISON STAFF TO OBEY THE CONSTITUTION AND OTHER LAWS.

4

II. Now comes the Petitioner who declares upon oath and affirmation that everything stated in this petition is true and correct to the best of my knowledge. Submitted in the intrests of justice.

III. Now comes the Petitioner who humbly requests:

1) That the Petitioners request for an emergency temporary restraining order (as outlined in paragraph I.) be granted. And...

2) That the Petitioners request for an order to show cause for a preliminary injunction be granted. And....

3) That the court address the Petitioners T.R.O request immediatly, as the anticipated deadline to discard his personal property is on 11/7/18 (or there abouts). Constituting the emergency nature of this petition.

4) Whatever other just relief this honorable court may provide.

Submitted Respectfully,

*Nathaniel B. Kibby*    11-1-2018

Nathaniel Kibby   # 3019567
Montana State Prison
700 Conley Lake Rd.
Deer Lodge MT   59722