IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE & HELENA DIVISIONS

| | |
|---|---|
| NATHANIEL KIBBY,<br><br>Plaintiff,<br><br>vs.<br><br>JIM SALMONSON, Warden—<br>Montana State Prison—Deer Lodge,<br><br>Defendant. | Cause No. CV 18-71-BU-BMM<br>CV 18-104-H-BMM-JTJ<br><br>ORDER |

The Court received from Plaintiff Kibby an "Emergency Petition" for a temporary restraining order and motion for a preliminary injunction on November 8, 2018. Kibby also moved to proceed in forma pauperis. He is a state prisoner proceeding *pro se*.

Kibby explains that he received a disciplinary citation in September of 2018 for making a threat. He was found guilty and reclassified to a higher custody level within the prison. After he completed his disciplinary confinement, he says, he

1

"expect[ed] to return" to the general population at the higher custody level. Instead, he went "to max custody locked housing unit (administrative segregation) without notice or due process." *See* Pet. (Doc. 2) at 1–2 ¶¶ 1–4. In that unit, he is not permitted to retain the same amount of personal property that he previously had. Some of his property was returned to him, and "[h]e was informed that the balance of his undelivered property would be discarded if not mailed out within 30 days." *Id*. at 2 ¶ 5.

Kibby asks the Court immediately to enjoin the destruction of his property because he cannot afford to ship it out. He wants the injunction to remain in effect while he exhausts administrative remedies concerning various grievances. He also asserts that he will not be able to obtain damages if his property is destroyed because the defendants will likely have qualified immunity. *See* Pet. at 1–3 ¶¶ 1–9.

## I. Venue

"Prisoner civil rights cases are venued in the division where an alleged wrong was committed." D. Mont. L.R. 3.2(b)(3) (Dec. 1, 2017). The wrongs Kibby alleges occurred at Montana State Prison in Deer Lodge, which is in Powell County, in the Helena Division. L.R. 1.2(c)(4). The clerk must transfer the case to the Helena Division.

All parties must refer to the case by the Helena Division number.

## II. Temporary Restraining Order

A temporary restraining order is available only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Kibby does not explain what efforts he made, if any, to notify Defendant Salmonsen of his request. *Cf.* Fed. R. Civ. P. 65(b)(1)(B). Further, Kibby's petition did not arrive at the Court until November 8, 2018, two days after Kibby expected his property to be destroyed. A TRO is likely moot.

Assuming Kibby has a reason for failing to notify Defendant Salmonsen and the issue is not moot, a party seeking a TRO must show (1) that he is likely to succeed on the merits; (2) that without prompt injunctive relief, he will likely suffer "irreparable injury, loss, or damage," Fed. R. Civ. P. 65(b)(1)(A); (3) that the balance of equities favors him; and (4) that an injunction is in the public interest. *See, e.g.*, *Doe v. Kelly*, 878 F.3d 710, 719 (9th Cir. 2017). These elements are a "sliding scale," meaning that "[a] stronger showing of one element may offset a weaker showing of another." *Id.* Nonetheless, the movant must show "irreparable harm is *likely*, not just possible." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (emphasis in *Alliance*) (discussing *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). And a court must always "balance the competing claims of injury and . . . consider the effect on each

party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 17.

Kibby argues he will suffer irreparable injury because the property in question includes "unique religious publications" he cannot replace because he is indigent. Pet. at 3 ¶ 10. Tacitly acknowledging that money damages could repair his property loss, he asserts they will not suffice here, because the defendants "will assur[e]dly claim" qualified immunity against a damages award. *See id.* ¶ 9. A defendant has qualified immunity only when a reasonable officer could believe his actions comply with the law. *See, e.g.*, *Plumhoff v. Rickard*, 572 U.S. 765, 778–79 (2014). Kibby is asking the Court, in effect, to order prison officials to retain his property *because* they reasonably believe the Constitution permits them to destroy it. Kibby's position is not an argument that money damages would fail to compensate him. It is an argument that he is not likely to succeed on the merits of a claim for damages. Kibby fails to show either a likelihood of success on the merits or a likelihood of irreparable injury.

As for the third element, Kibby claims that any burden on the prison would be "insignificant" because his property has already been searched, inventoried, and stored. *See* Pet. at 3 ¶ 12. He seeks, in fact, a significant change in prison routine. Every indigent inmate facing an increase in custody classification and corresponding decrease in property allowance could make Kibby's argument.

"Mandatory injunctions are particularly disfavored." *American Freedom Def. Initiative v. King County*, 796 F.3d 1165, 1173 (9th Cir. 2015) (internal quotation marks and citation omitted). Prison policy restricts property for a reason. Whatever the reason is—space limitations, an incentive structure for inmates' good behavior, or something else—granting the injunction would preclude the policy's enforcement against an uncertain number of prisoners.

The injunction also would persist for an uncertain period of time. Kibby claims that completing the grievance process could take up to six months. *See* Pet. at 2 ¶ 7. He also says "a judicial remedy" would be initiated in "less than 1 year." *Id.* at 3 ¶ 12. The statute of limitations is three years, not one, *see Wilson v. Garcia*, 471 U.S. 261, 280 (1985); Mont. Code Ann. § 27-2-204(1) (2007). It remains unclear why filing a civil rights lawsuit would end the prison's obligation to retain the property. In sum, Kibby asks that the prison retain, for an indefinite period of time, the property of all prisoners affected by its property-allowance limits—*because* it is probably reasonable to believe that prison staff may destroy it. The balance of equities does not favor Kibby.

On the fourth element, Kibby correctly asserts that "[i]t is in the public interest for prison staff to obey the Constitution and other laws." Pet. at 3 ¶ 13. The question is whether Kibby has shown the prison is so obviously violating the Constitution and other laws that the public interest is best served by granting him

relief before he must meet any argument or evidence introduced by the other side. This proposition conflicts with Kibby's claim that the defendants probably will have qualified immunity against money damages. He does not meet the fourth element.

Kibby is not entitled to a temporary restraining order.

### III.  Next Step

As Kibby's "emergency petition" appears to seek only a TRO, it is not clear whether he intends to proceed any further. To clarify his intentions and his claims, he must file a complaint using the Court's standard form. If he does not file a complaint, this matter will be closed, and the clerk will enter judgment.

Accordingly, IT IS HEREBY ORDERED:

1. This case is TRANSFERRED to the Helena Division. All parties must refer to the Helena case number.

2. Kibby's request for a temporary restraining order is DENIED.

3. The case is REFERRED to United States Magistrate Judge John T. Johnston for ruling on Kibby's motion to proceed in forma pauperis.

4. Kibby must file a complaint, using the Court's standard form, on or before **December 13, 2018**. If he does not timely file a complaint, the clerk will enter judgment in favor of Defendant Salmonsen and against Kibby. If he timely files a complaint, the matter will remain REFERRED to United States Magistrate

Judge John T. Johnston.

5. The clerk must include the Court's standard civil complaint form with Kibby's service copy of this Order.

DATED this 13th day of November, 2018.

/s/ Brian Morris

Brian Morris
United States District Court Judge