①

DEC 06 2018
Clerk, U.S. Courts
District of Montana
Helena Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA - HELENA DIVISION

| | |
|---|---|
| NATHANIEL KIBBY<br>INMATE #3019567<br>PETITIONER<br><br>V.<br><br>JIM SALMONSON (INTERIM)<br>WARDEN - MSP - DEERLODGE<br>DEFENDANT | PETITION TO RECONSIDER ORDER<br><br><br>CAUSE # : CV 18-104-H-BMM-JTJ |

I. THE PETITIONER (KIBBY) HUMBLY REQUESTS THIS COURT TO REVIEW AND RECONSIDER THE ORDER IN THE ABOVE LISTED MATTER [RE: PETITIONER'S EMERGENCY PETITION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION], MADE ON 11/13/2018, BY THE HONORABLE U.S.D.C. JUDGE BRIAN MORRIS. IN SUPPORT OF THIS REQUEST TO RECONSIDER, THE PETITIONER ADDRESSES RELEVANT ISSUES RAISED FROM THAT ORDER:

1) THE ORDER DENIED THE PETITIONER'S REQUEST FOR A TEMPORARY RESTRAINING ORDER TO PREVENT THE IMMINENT AND CERTAIN DESTRUCTION OF HIS PERSONNAL PROPERTY BY STAFF, ACTING IN ACCORDANCE WITH PRISON POLICY, UNDER THE SUPERVISORY AUTHORITY OF THE DEFENDANT (SALMONSON). THE PETITIONER CLEARLY ARTICULATED IN HIS EMERGENCY PETITION THAT WITHOUT A TRO, HE WOULD SUFFER IMMEDIATE AND IRREPARABLE INJURY, LOSS, OR DAMAGE BY PRISON STAFF DISCARDING HIS INMATE PERSONNAL PROPERTY, AND UNIQUE PERSONNAL PROPERTY.

2) WHILE THE COURT DENIED THE TRO TO PREVENT THIS CERTAIN HARM TO THE PETITIONER, IT DID GIVE HIM A DEADLINE OF 12/13/18 TO SUBMIT A COMPLAINT UNDER 42 U.S.C. § 1983 (PRESUMABLY TO ADVANCE THE PRELIMINARY INJUNCTION ISSUE LEFT UNADDRESSED BY THAT ORDER). THE PETITIONER RAISES THE COMPELLING ISSUE THAT ABSENT A TRO FROM THIS COURT, ANY SUBSEQUENT

PRELIMINARY INJUNCTION IMPOSED TO PREVENT THE DESTRUCTION OF PROPERTY, THAT WILL ALREADY CERTAINLY BE DESTROYED BY THAT POINT IN TIME; WOULD CREATE A MOOT ISSUE, INVALIDATING THE NEED FOR A PRELIMINARY INJUNCTION.

3) THE ORDER DIRECTED THAT THE PETITIONER "MUST" FILE A COMPLAINT BY 12/13/18, TO "CLARIFY HIS INTENTIONS AND HIS CLAIMS", "USING THE COURT'S STANDARD FORM", WHICH WOULD REQUIRE HIM TO DECLARE JURISDICTIONAL BASIS UNDER "42 U.S.C §1983". AN ORDER WHICH CLEARLY IGNORES THE PETITIONERS OBLIGATIONS UNDER "42 U.S.C § 1997 e(a) (PLRA)" WHICH BARS 1983 ACTIONS UNTIL THE EXHAUSTION OF ADMINISTRATIVE REMIDIES. IN THE PETITIONERS EMERGENCY PETITION HE CLEARLY ARTICULATED TO THE COURT THAT HE HAD INITIATED, BUT HAD NOT EXHAUSTED HIS ADMINISTRATIVE REMIDIES, AND THAT PROCESS COULD TAKE UP TO 6 MONTHS TO COMPLETE. [SEE EMERGENCY PETITION PARAGRAPHS #6-#8]. SINCE THE GRIEVANCE PROCESS WILL NOT BE COMPLETED BY THE COURTS 12/13/18 FILING DEADLINE, THAT WOULD MAKE THE PETITIONER'S COMPLIANCE WITH THAT ORDER PREMATURE AND DISMISSABLE BY THIS COURT. SUCH AN ORDER IS NON-SEQUITUR. THE COURT'S AUTHORITY TO GRANT TRO'S OR PRELIMINARY INJUNCTIONS, DOES NOT COME FROM "42 USC §1983", or "42 U.S.C § 1997 e(a)(PLRA)". IT COMES FROM RULE 65 OF THE FEDERAL RULES, WHICH PERMIT DISCRETION TO GRANT RELIEF PENDING EXHAUSTION. UNLESS THE PLRA EXPLICITLY SAYS SO, IT DOES NOT OVERTURN THE USUAL PRACTICES OF LITIGATION APPLICABLE UNDER THE FEDERAL RULES OF CIVIL PROCEDURE. (JONES V. BOCK, 549 U.S 199, 214-17, 220-22, 127 S.CT. 910 (2007)

4) THE ORDER CONTAINED THE COURT'S ANALYSIS AND CONCLUSIONS IN SUPPORT OF ITS ORDERS. THE PETITIONER DISPUTES THAT ANALYSIS AND SUBSEQUENT CONCLUSIONS THAT FORMED THE BASIS OF THE COURT'S ORDER. THE EMERGENCY PETITION HAD INCLUDED COPIES OF THE ORIGINAL INITIAL GRIEVANCES THAT THE PETITIONER HAD FILED WITH THE PRISON ADMINISTRATION. [EXHIBITS #A-G]. THE INTENT WAS TO (A) SATISFY THE COURT THAT THE PETITIONER WAS IN FACT UTILIZING HIS AVAILABLE ADMINISTRATIVE

③

REMIDIES, AND ⒷTO ILLUMINATE TO THE COURT THE NATURE OF THE CIVIL RIGHTS VIOLATED UNDER THE CONSTITUTION AND ANY OTHER APPLICABLE LAWS, AND POTENTIALLY WHOM IS RESPONSIBLE FOR WHAT ACTIONS. THE PETITIONER HAD ANTICIPATED THAT THIS WOULD SATISFY THE COURT'S REVIEW OF HIS EMERGENCY PETITION FOR: ① "~~LIKLIHOOD OF~~ LIKLIHOOD OF SUCCESS ON THE MERITS", ② THAT WITHOUT PROMPT INJUNCTIVE RELIEF HE WILL LIKELY SUFFER "IRREPARABLE INJURY, LOSS, OR DAMAGE", ③ "THAT THE BALANCE OF EQUITIES FAVORS HIM", AND ④ THAT AN "INJUNCTION IS IN THE PUBLIC INTREST". BUT CLEARLY THE GRIEVANCE EXHIBITS DID NOT SATISFY THE COURTS AND THEY WERE SIMPLY IGNORED IN THE COURTS EVALUATION OF THE EMERGENCY PETITIONS MERITS, AND THE COURT WISHES TO PROCEED WITH ANY FUTURE ANALYSIS UNDER THE STRUCTURE OF A FORMAL 1983 COMPLAINT; FILED PROHIBITIVELY UNDER THE PLRA.

5) THE COURTS ANALYSIS IN SUPPORT OF ITS ORDER BEING INACCURATE, AND THE NEED FOR THE PETITIONER TO "CLARIFY HIS INTENTIONS AND HIS CLAIMS" IS REASONABLE. BUT THE COURTS ORDER TO FILE A PREMATURE 1983 COMPLAINT/ACTION LIKELY ISN'T REASONABLE. INSTEAD THE PETITIONER SEEKS TO SUBMIT A SWORN DECLARATORY AFFIDAVIT AND LEGAL MEMORANDUM IN SUPPORT OF HIS EMERGENCY PETITION, AND THIS PETITION TO RECONSIDER. OFFERING THAT SUCH SWORN DECLARATORY AFFIDAVIT AND LEGAL MEMORANDUM WOULD REMEDY AND SATISFY THE SUBSTANATIVE EXPECTATIONS TO FACTS AND DECLARATIONS CONTAINED WITHIN A STANDARDIZED 1983 COMPLAINT/ACTION, WITHOUT RUNNING AFOUL OF THE PLRA. THE PETITIONER SEEKS THIS ALTERNATIVE TO SATISFY THE COURTS NEED TO MAKE ITS INFORMED DECISIONS.

6) THE PETITIONER WAS FORCED [BY LOOMING PRISON DEADLINES TO DESTROY HIS PERSONNAL PROPERTY] TO FILE HIS EMERGENCY PETITION WITHOUT LEGAL ASSISSTANCE. WITHOUT PHYSICAL ACCESS TO A LAW LIBRARY. HIS WRITTEN REQUESTS FOR LEGAL PHONECALLS, DENIED. HIS WRITTEN REQUESTS TO THE PRISON LIBRARIAN FOR THE FEDERAL RULES OF CIVIL PROCEDURE, LOCAL RULES OF FEDERAL PROCEDURE, SPECIFIC CASELAW, OR OTHER LEGAL TREATIES AND GUIDEBOOKS WERE ALL DENIED/UNFULFILLED, AT THE TIME OF FILING. THIS INJURED THE

④

RAMIREZ v. GALAZA, 335 F.3d 850 (9TH CIR 2003)

PETITIONERS ATTEMPTS TO UNDERSTAND AND SATISFY PROCEDURAL HURDLES AND QUESTIONS OF LAW ASSOCIATED WITH BOTH THIS PETITION TO RECONSIDER, AND HIS PRECEEDING EMERGENCY PETITION. SUCH MEANINGFUL ACCESS TO ESSENTIAL LEGAL RESEARCH MATERIALS IS ESSENTIAL TO "CLARIFYING" THE PETITIONER'S "INTENTIONS AND CLAIMS". THE PETITIONER IS IN THE DARK AS TO WHAT RELIEF HE IS PERMITTED TO SEEK IN WHICH JURISDICTION UNDER THE FAVORABLE TERMINATION RULE. TIME FOR THE OPPORTUNITY TO PURSUE MEANINGFUL LEGAL RESEARCH, TO ANSWER AND GIVE DIRECTION TO THE PETITIONERS LEGAL OPTIONS; BEFORE PROCEEDING WITH A STATE TORT, STATE HABEUS CLAIM, OR FEDERAL 1983 CIVIL RIGHTS ACTION; IS NECESSARY AND ESSENTIAL, AND CANNOT, WILL NOT BE MET BY THE 12/13/18 DEADLINE.

7) THE PETITIONER IS UNCERTAIN WHAT THE COURT MEANT [ON PG 3 OF ITS ORDER] BY "WHAT EFFORTS HE MADE, IF ANY, TO NOTIFY DEFENDANT SALMONSON OF HIS REQUEST. CF. FED. R. CIV. P. 65(b)(1)(B)" [THIS IS A REFERENCE TO RULES I'VE REQUESTED FROM THE PRISON LIBRARY, BUT DID NOT RECIEVE.] SO I WILL ANSWER TO THE BEST OF MY ABILITY: Ⓐ IF THE COURT MEANT SERVICE OF THE EMERGENCY PETITION ITSELF ON THE DEFENDANT, THE PETITIONER AFFIRMS (BY REFERENCE TO THE CERTIFICATE OF SERVICE INCLUDED WITH HIS SUBMITTED EMERGENCY PETITION) THAT THE DEFENDANT WAS SERVED A COPY OF THE EMERGENCY PETITION. Ⓑ IF THE COURT MEANT NOTIFICATION WHOLLY APART FROM THE SERVED EMERGENCY PETITION, THAN THE PETITIONER POINTS TO EXHIBITS #A-G THAT HE INCLUDED WITH THE SUBMITTED EMERGENCY PETITION. THOSE EXHIBITS BEING VARIOUS GRIEVANCES SUBMITTED TO, AND PROCESSED BY THOSE DESIGNATED BY THE DEFENDANT'S POLICY TO HANDLE SUCH MATTERS. TO DATE, (19) GRIEVANCES HAVE BEEN INITIATED IN NEXUS TO THESE MATTERS. Ⓒ IF THE COURT MEANS NOTIFICATION WHOLLY APART FROM THE FILED GRIEVANCES; THAN THE PETITIONER POINTS TO THE NUMEROUS WRITTEN REQUEST SLIPS ADDRESSED TO THE PROPERTY OFFICER, THE GRIEVANCE OFFICE, CLASSIFICATION COORDINATOR, LIBRARIES, HOBBY DIRECTOR, UNIT HOUSING MANAGERS, DISCIPLINARY OFFICE, COMMAND POST. OF WHOM, ARE ALL STAFF GIVEN AUTHORITY, AND UNDER THE SUPERVISION

OF THE DEFENDANT, AND DESIGNATED BY THE DEFENDANT'S POLICIES (PARTICULARLY INMATE/STAFF COMMUNICATION POLICY) TO HANDLE THOSE RESPECTIVE MATTERS. (D) IF THE COURT MEANT NOTIFICATION WHOLLY APART FROM THE WRITTEN REQUEST SLIPS TO VARIOUS DELEGATED AND AUTHORIZED STAFF; THAN THE PETITIONER POINTS TO A SINGLE WRITTEN REQUEST SLIP ADDRESSED TO THE DEFENDANT DIRECTLY IN HIS OFFICIAL CAPACITY AS WARDEN OF THE MONTANA STATE PRISON, AS THE LEAD ADMINISTRATOR OF ALL AFFECTED STAFF AND POLICIES GOVERNING THE ISSUES OF THE PETITIONERS EMERGENCY PETITION. (E) IF THE COURT MEANT NOTIFICATION WHOLLY APART FROM ALL THE PREVIOUSLY LISTED EFFORTS, THAN THE PETITIONER INFORMS THE COURT THAT BY THE NATURE OF ADMINISTRATIVE SEGREGATION, AND THE PRISONS EXISTING POLICIES AND PROCEDURES; THERE IS NO OTHER AVAILABLE METHODS TO COMMUNICATE NOTIFICATION. THE PETITIONER HAS MADE, AND CONTINUES TO MAKE EVERY REASONABLE EFFORT AVAILABLE TO HIM, TO WORK WITH THE PRISON ADMINISTRATION STAFF TO RESOLVE AND REMEDY THE MATTERS HARMING HIS CONSTITUTIONAL PROTECTIONS.

8) IN THE COURTS ORDER [ON PAGE 3] THE COURT RAISED THE POSSIBILITY THAT A REQUEST FOR "A TRO IS LIKELY MOOT", BECAUSE THE "PETITION DID NOT ARRIVE AT THE COURT UNTIL November 8, 2018, TWO DAYS AFTER [PETITIONER] EXPECTED HIS PROPERTY TO BE DESTROYED". THE PETITIONER HAS NO DIRECT KNOWLEDGE EITHER WAY TO THE QUESTION OF IF HIS PERSONNAL PROPERTY HAS ALREADY BEEN DESTROYED. THE PETITIONER SENT WRITTEN NOTICE OF HIS FILING FOR A EMERGENCY TRO AND PRELIMINARY INJUNCTION TO THE PROPERTY OFFICER, AND THE DEFENDANT WARDEN SALMONSON, REQUESTING THAT THE PROPERTY NOT BE DESTROYED UNTIL A COURT RULING ON THE MATTER, OR EXHAUSTION OF THE GRIEVANCE PROCESS. THIS NOTICE WAS SENT WELL IN ADVANCE OF THE ANTICIPATED DISCARD DEADLINE. ALSO, THIS PAST WEEK (WELL AFTER THE DEADLINE) THE PETITIONER HAD A BRIEF VERBAL CONVERSATION WITH THE PROPERTY OFFICER, WHICH LEFT THE PETITIONER WITH THE IMPRESSION THAT HIS PROPERTY HAD NOT YET BEEN DISCARDED. FOR THESE REASONS, IT SEEMS RESPONSIBLE, TO CONSIDER THE REQUESTS FOR AN EMERGENCY TRO AND PRELIMINARY INJUNCTION AS

NOT YET MOOT, BUT COULD BE AT ANY POINT IN THE NEAR FUTURE WITHOUT A TRO; AND UNTIL FACTS AFFIRM OTHERWISE, PROCEED UNDER THIS RESPONSIBLE ASSUMPTION.

9) THE COURT'S ANALYSIS [PGS 4,5,6] IN PART THAT "[PETITIONERS] POSITION IS NOT AN ARGUMENT THAT MONEY DAMAGES WOULD FAIL TO COMPENSATE HIM. IT IS AN ARGUMENT THAT HE IS UNLIKELY TO SUCCEED ON THE MERITS OF A CLAIM FOR DAMAGES. [PETITIONER] FAILS TO SHOW EITHER A LIKLIHOOD OF SUCCESS ON THE MERITS OR A LIKLIHOOD OF IRREPARABLE INJURY", IS A GROSSLY MISCHARACTERIZATION OF THE ARGUMENT PUT FORTH IN PARAGRAPH #9 OF HIS EMERGENCY PETITON; AND THE PETITIONER IN DISPUTING THAT ANALYSIS, SEEKS TO CLARIFY HIS INTENT AS FOLLOWS: Ⓐ THE INTENT OF THE PETITIONERS ARGUMENT WAS THAT THE DEFENDANT'S ACTONS, IF NOT RESTRAINED BY A TRO AND PRELIMINARY INJUNCTON, WOULD IN FACT CAUSE CERTAIN UNCONSTITUTIONAL HARM, INJURY, LOSS, AND DAMAGE TO THE PETITIONER; AND THAT GIVEN A LIKELYHOOD THAT THE DEFENDANT WOULD REQUEST AND POSSIBLY RECIEVE "QUALIFIED IMMUNITY" FROM DAMAGES, ON THE ARGUMENT THAT THEY DIDN'T KNOW THEIR ACTIONS WERE ILLEGAL; THAT THIS WOULD PREVENT THE PETITIONER FROM RECIEVING COMPENSATION FOR DAMAGES LATER ON IN A 1983 ACTION. THE PETITIONER PUT FORTH THIS ARGUMENT TO WEIGH TOWARDS THE MERITS OF "IRREPARABLE INJURY, LOSS, OR DAMAGE". Ⓑ THE PETITIONERS KNOWLEDGE HAS EXPANDED SINCE THAT ARGUMENT THOUGH. NOW THE PETITIONER IS CERTAIN SOME STAFF MEMBERS WOULD RECIEVE "QUALIFIED IMMUNITY", WHILE OTHERS WOULD NOT, BECAUSE THERE IS NO WAY THEY COULD NOT HAVE KNOWN THEIR ACTIONS WERE ILLEGAL. NOW THE LEGAL ISSUES TURN ON THE PERMISSABILITY OF BRINGING A 1983 ACTOON, OR STATE TORT, OR HABEUS STATE CLAIM; ALLEGING STAFF WHO KNOWINGLY AND DELIBERATLY-MADE FALSE ALLEGATIONS, OR DELIBERATLY VIOLATED DUE PROCESS PROTECTIONS — IN DISCIPLINARY AND/OR CLASSIFICATION PROCEEDINGS [THE LIABLE PARTIES] AND IN TURN CAUSED OTHER STAFF TO ACT ON POLICY THEY BELIEVED TO BE LAWFUL (BUT ~~ACTUALLY~~ MIGHT NOT BE), AND DISCARD THE PETITIONERS PERSONNAL PROPERTY [THE QUALIFIED

IMMUNITY PARTIES]. THEN THERE'S THE ISSUE OF SUPERVISORS AND ADMINISTRATORS BEING LIABLE FOR HAVING KNOWLEDGE OF UNCONSTITUTIONAL ACTS BY THOSE LIABLE PARTIES UNDER THEIR AUTHORITY AND SUPERVISION, AND FAILED TO TAKE ACTION TO PREVENT. (HENCE THE CLEAR NEED FOR THE PETITIONER TO "CLARIFY HIS INTENTIONS AND HIS CLAIMS" THROUGH A SWORN DECLARATORY AFFIDAVIT, AND LEGAL MEMORANDUM). (C) THE PETITIONER'S ARGUMENT THAT THE LOSS OF HIS UNIQUE RELIGIOUS PROPERTY [IF THE EMERGENCY PETITION WAS NOT GRANTED TO RESTRAIN THE DEFENDANT'S ACTIONS] WAS IN FACT AN ARGUMENT THAT MONATARY DAMAGES WOULD FAIL TO COMPENSATE HIM. AS WOULD APPLY TO ANY OTHER LOSS OF UNIQUE PERSONNAL PROPERTY. THIS FACT ALONE QUALIFIES AS "IRREPARABLE INJURY, LOSS, OR DAMAGE", THAT IS "IMMINENT", GIVING STRONG MERIT TO HIS REQUEST FOR AN EMERGENCY TRO, AND PRELIMINARY INJUNCTION.

10) THE COURT ORDER RAISED THE ISSUE [ON PG 5] THAT "IT REMAINS UNCLEAR WHY FILING A CIVIL RIGHTS LAWSUIT WOULD END THE PRISON'S OBLIGATION TO RETAIN THE PROPERTY" AND INCORRECTLY CONCLUDES MY REQUEST WAS FOR "AN INDEFFINITE PERIOD OF TIME". THE PETITIONER POINTS TO PARAGRAPHS #7, #8, and #12 OF HIS EMERGENCY PETITION. THE REQUEST FOR A PRELIMINARY INJUNCTION WAS SPECIFIED FOR BETWEEN 6 MONTHS AND UP TO 1 YEAR. TO PERMIT THE PETITIONER THE OPPORTUNITY TO EXHAUST HIS ADMINISTRATIVE REMEDIES, SATISFY HIS LEGAL RESEARCH, AND INITIATE LEGAL ACTIONS IN THE APPROPRIATE VENUES TO: (A) OVERTURN HIS ERRONEOUS DISCIPLINARY CONVICTION, (B) SEEK RECOVERY FOR DAMAGES FROM LIABLE PARTIES, AND (C) SEEK PERMANENT INJUNCTIONS AGAINST UNCONSTITUTIONAL POLICIES AND PROCEDURES. AT THE INITIATION OF SUCH LEGAL ACTION (IN EITHER STATE OF FEDERAL VENUES), THEN THE PETITIONER WOULD SEEK TO EXTEND THE PRELIMINARY INJUNCTION IN THE CORRELATIVE VENUES (IF NECESSARY, TAKING INTO ACCOUNT THAT BETWEEN NOW AND THEN, ANY PENDING LEGAL ACTION COULD BE RENDERED MOOT BY PRISON STAFF CORRECTING PAST UNCONSTITUTIONAL ACTIONS, RESTITUTING FOR DAMAGES, AND CHANGING UNCONSTITUTIONAL POLICIES or PRACTICES/PROCEDURES.). IT WAS NEVER THE PETITIONERS INTENT TO SEEK AN OPEN ENDED PRELIMINARY INJUNCTION

WITHOUT EVER FILING LEGAL ACTION IN THE APPROPRIATE VENUE, AND THAT'S WHY HE NARROWLY TAILORED HIS REQUEST TO BETWEEN 6 MONTHS AND 12 MONTHS RESPECTIVELY.

⑪ THE COURT ORDER RAISED THE ISSUE [ON PG 4] THAT "EVERY INDIGENT INMATE FACING AN INCREASE IN CUSTODY CLASSIFICATION AND CORRESPONDING DECREASE IN PROPERTY ALLOWANCE COULD MAKE [THE PETITIONERS] ARGUMENT." ISN'T NECESSARILY TRUE. NOT EVERY INMATE WHO FACES A CUSTODY INCREASE FACES A DECREASE IN PROPERTY ALLOWANCE. PERSONNAL PROPERTY ALLOWANCES AMOUNG LOW CUSTODY, MEDIUM CUSTODY, AND HIGH CUSTODY GENERAL POPULATION INMATES IS RESPECTIVELY THE SAME. ONLY A VERY SMALL PERCENTAGE OF THE OVERALL INMATE POPULATION IS RECLASSIFIED TO ADMINISTRATIVE SEGREGATION AND FACES A DECREASE IN PROPERTY ALLOWANCE. OF THAT SMALL AFFECTED PERCENTAGE OF INMATES, NOT EVERY INMATE IS INDIGENT, AND NOT EVERY AFFECTED INMATE CAN ARGUE ACTUAL INNOCENCE AND AN ERRONEOUS GUILTY VERDICT BASED ON SIGNIFICANT SUBSTANATIVE AND PROCEDURAL DUE PROCECSS VIOLATIONS ARISING OUT OF THE DISCIPLINARY AND/OR CLASSIFICATION PROCESS, OR THAT IF THOSE CONSTITUTIONALLY OBLIGATED PROTECTIONS (ESTABLISHED IN POLICY, CASELAW, OR FEDERAL CONSTITUTION) HAD BEEN FOLLOWED, HE WOULD NOT HAVE BEEN FOUND GUILTY OF A DISCIPLINARY VIOLATION AND SUFFERED SUBSEQUENT RECLASSIFICATION TO ADMINISTRATIVE SEGREGATION AND CONSEQUENTIAL DECREASES IN PERSONNAL PROPERTY ALLOWANCE. THE LEGAL ISSUE OF CONSTITUTIONAL SIGNIFICANCE IS THE PROTECTED INTREST IN PRESERVING PERSONNAL PROPERTY RIGHTS THAT CANNOT BE INFRINGED WITHOUT DUE PROCESS. THE PETITIONER'S EMERGENCY PETITION BRIEFLY ADDRESSED IN PARAGRAPH #6 ISSUES OF CONSTITUTIONAL IMPORTANCE AND SUPPLEMENTED THOSE RAISED ISSUES WITH THE SUBMISSION OF THE ACTUAL FILED GRIEVANCE PETITIONS, GIVING MORE FACTUAL SPECIFICS [LABELED EXHIBITS # A-G]. IT IS FOR THESE REASONS THAT THE PETITIONERS EMERGENCY PETITION FOR A TRO AND PRELIMINARY INJUNCTION WAS INTENDED AND NARROWLY TAILORED TO HAVE A MINIMAL BURDEN UPON PRISON OPERATIONS, SINCE IT WOULD ONLY AFFECT HIS OWN PERSONNAL PROPERTY.

II. NOW COMES THE PETITIONER WHO REQUESTS OF THIS HONORABLE COURT, BASED UPON THE FOREGOING PARAGRAPHS, AND HIS PREVIOUSLY SUBMITTED EMERGENCY PETITION, AND ACCOMPANYING SWORN DECLARATORY AFFIDAVIT AND LEGAL MEMORANDUM, THE FOLLOWING RELIEF:

A) AMEND THE COURT ORDER TO ALLOW HIM TO SUBMIT THE SWORN DECLARATORY AFFIDAVIT AND LEGAL MEMORANDUM IN SUPPORT OF HIS EMERGENCY PETITION, AND THIS PETITION TO RECONSIDER, SO HE MAY CLARIFY HIS INTENTIONS AND CLAIMS, IN PLACE OF THE ORDERED 1983 COMPLAINT FORMS. AND....

B) RECONSIDER THE PETITIONERS EMERGENCY PETITION FOR A TEMPORARY RESTRAINING ORDER, AND ORDER TO SHOW CAUSE FOR A PRELIMINARY RE-INJUNCTION. AND THEN....

C) GRANT THE PETITIONERS REQUEST FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION.

D) WHATEVER OTHER JUST RELIEF THIS HONORABLE COURT MAY PROVIDE.

RESPECTFULLY SUBMITTED;

*Nathaniel B. Kibby*  11/30/2018
NATHANIEL KIBBY #3019567 (PRO SE)
MONTANA STATE PRISON
700 CONLEY LAKE RD.
DEER LODGE MT. 59722

## CERTIFICATE OF SERVICE

I CERTIFY THAT I HAVE FILED A COPY OF THIS - PETITION TO RECONSIDER ORDER - (RE: THE EMERGENCY PETITION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION) WITH THE CLERK OF COURT - HELENA DIVISION U.S.D.C. AT 901 FRONT ST., SUITE 2100, HELENA, MT 59626.

-AND-

THAT I HAVE ALSO SUBMITTED A COPY TO THE DEFENDANT - JIM SALMONSON - INTERIM WARDEN OF THE MONTANA STATE PRISON DEER LODGE - THROUGH THE PRISONS INTERNAL MAIL DELIVERY PROCEDURE.

SUBMITTED THIS 30TH OF NOVEMBER 2018

*Nathaniel B. Kibby*
PETITIONER
NATHANIEL KIBBY #3019567 (PRO SE)
MONTANA STATE PRISON
700 CONLEY LAKE RD
DEER LODGE MT 59722