IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| NATHANIEL KIBBY,<br><br>  Plaintiff,<br><br>vs.<br><br>JIM SALMONSON, Warden–Montana State Prison–Deer Lodge,<br><br>  Defendant. | CV-18-00104-H-BMM-JTJ<br><br><br>ORDER |

On November 8, 2018, the Court received from Plaintiff Nathaniel Kibby an "Emergency Petition" for a temporary restraining order and motion for a preliminary injunction. Mr Kibby explained that he received a disciplinary citation in September of 2018 for making a threat. He was found guilty and reclassified to a higher custody level within the prison. After he completed his disciplinary confinement, he was placed in administrative segregation where he is not permitted to retain the same amount of personal property that he previously had. Some of his property was returned to him, and "[h]e was informed that the balance of his undelivered property would be discarded if not mailed out within 30 days." (Petition, Doc. 2 at 2 ¶ 5.) Mr. Kibby asked for a temporary restraining order to enjoin the destruction of his property because he cannot afford to ship it out. *Id.*

1

On November 13, 2018, this Court denied the request for temporary restraining order and required Mr. Kibby to file a complaint on or before December 13, 2018. Mr. Kibby was advised that if he did not file a complaint, the clerk would enter judgment in favor of Defendant Salmonsen and against Mr. Kibby. (Doc. 3 at 6.)

Mr. Kibby did not comply and instead filed a Petition to Reconsider the Order, a sworn declaratory affidavit and legal memorandum. (Doc. 4.) Local Rule 7.3 governs motions for reconsideration and provides as follows:

> (a) Leave of Court Required. Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a judge requesting that the judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that judge on any ground set forth in L.R. 7.3(b)(1) or (2). No party may file a motion for reconsideration without prior leave of court.
>
> (b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration must be limited to seven pages and must specifically meet at least one of the following two criteria:
>    (1)  (A) the facts or applicable law are materially different from the facts or applicable law that the parties presented to the court before entry of the order for which reconsideration is sought, and
>         (B) despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; or
>    (2) new material facts emerged or a change of law occurred after entry of the order.

(c) Prohibition Against Repetition of Argument. No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party before entry of the order. Violation of this restriction subjects the offending party to appropriate sanctions.

Mr. Kibby failed to comply with this local rule. First, he did not file a motion for leave to file a motion for reconsideration. Out of an abundance of caution, however, the Court will liberally construe Mr. Kibby's filing as a motion for leave to file a motion for reconsideration.

Secondly, Mr. Kibby does not establish that the facts or applicable law are materially different from the facts or law presented in his previous motion. He does not indicate that new material facts emerged after entry of the Court's Order denying his petition. While he provides a more detailed account of his underlying concerns, he does not explain why despite the exercise of reasonable diligence, he did not know of those facts prior to filing his prior motion. The Court will not reconsider its prior Order.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Kibby's Petition to Reconsider Order (Doc. 4) is DENIED.

2. Mr. Kibby shall have until January 31, 2019 to file a complaint. If no complaint is filed, the Clerk of Court is directed to close this matter and enter

judgment in favor of Defendant Salmonsen.

3. At all times during the pendency of this action, Mr. Kibby MUST IMMEDIATELY ADVISE the Court of any change of address. A failure to do so may result in the dismissal of the action for failure to prosecute.

DATED this 7th day of January, 2019.

*/s/ Brian Morris*

Brian Morris
United States District Court Judge