①

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA - HELENA DIVISION

JAN 22 2019

Clerk, U.S. Courts
District of Montana
Helena Division

NATHANIEL KIBBY
PRO SE - PETITIONER
   vs.
JIM SALMONSON, Warden
Montana State Prison - Deer Lodge
DEFENDANT

CV-18-00104-H-BMM-JTJ

MOTION FOR RELIEF FROM ORDERS

I) Now comes the Petitioner (Kibby) who in support of this motion for relief from Orders; which is brought under the authority of Rule 46 (objecting to ruling or order) and Rule 60 (relief from a Judgement or Order) of the Federal Court Rules of Civil Procedure; seeking relief from the 11/13/18 Court Order; and asserts the following:

1) On 11/8/18, the Court recieved an Emergency Petition seeking a Temporary Restraining Order (TRO) and a Motion for a Preliminary Injunction. The Petitioner explained that he had been denied due process in a disciplinary hearing, classification proceedings (See Paragraph #6 and Grievance Exhibits A-G); and was consequently facing impending and permanent loss of unique and non-unique personal property as a direct result. (The Petitioner provided the numerous copies of these Grievances as Exhibits to clarify the exact nature of the Constitutional Rights and Due Process violated by Prison Officials.). The subsequent 11/13/18 Court Order completly ignored the 14th Amendment issues raised, and was in error when it mischaracterized the legal issues as anything other than a deprivation of a liberty interest and property interest without due process under the 14th Amendment. The Court evaded its duty to decide the TRO request, on the merits, when it ignored and ommitted, any consideration of the substance of the governing legal issues raised.

2) The Petitioners Emergency Petition clearly explained in Paragraphs #6, #7, #8; that the petitioner had initiated a significant number of prison Grievances, while seeking to Exhaust his Administrative Remedies. Clearly Articulating that the process had 4-Levels, and could take up to 6 months to complete, and that Exhaustion of Administrative Remedies is legally obligated before he could bring a Civil Rights claim in Federal Court.

3) The Petitioners Emergency Petition clearly explained in Paragraph #11, that he had no access to legal research materials or assistance while in AD-SEG to assist in preparing the Emergency Petition; and as such could not have known, or been expected to know, that Rule 65 (Injunctions and Restraining Orders) required "Specific facts in an affidavit or a Verified Complaint clearly show that immediate and irreparable injury, loss, or damage will result..."; and consequently did not submit either an Affidavit or a Verified Complaint. Nor did the submitted petition provide the level of information and specific facts that would have been expected in either an Affidavit or a Verified Complaint.

4) On 11/13/18, USDC Judge Brian Morris, issued an order in response to the Petitioners Emergency Petition. In the order, the Judge raised several issues, and several inaccurate conclussions; based largely in part to the lack of specific facts that should have been provided to the court through an Affidavit or a Verified Complaint submitted with the petition as required by Rule 65 of the Fed. R. Civ. P. Stating on page 6 of that order: "to clarify his intentions and claims, he must file a complaint using the courts standard form". And subsequently denied the request for a TRO, and ordered the petitioner in mandatory language that he "must file a Complaint using the Courts Standard form" and "The Clerk must include the Courts standard Civil complaint form". That standardized complaint form would force the Petitioner to file action under 42 USC §1983. An Action specifically prohibited 42 USC §1997 e(a) - Prisoner Litigation Reform

Act (PLRA), without 1st exhausting the Prisons Administrative Remedies in the form of the Grievance Process.

5) The Court Order from 11/13/18, is in error when it issued a ruling on the Petitioners request for a TRO, without liberally construing the Pro Se Petition, and giving the Petitioner the opportunity to fully comply with Rule 65 (Fed.R.Civ.P.) and submit either an Affidavit or Verified Complaint, before making a ruling on his requested TRO. The Courts own words testify to this reality: "To clarify his intentions and his claims". If the Petitioners "intentions and claims" were not clear to the court, then the court was obligated to notify and give opportunity to the Pro Se Petitioner to correct this deficiency before making a ruling on the merits. Particularly in light of the Petitioners clear articulation of no access to legal research materials, or assisstance to assist in preparing that Petition.

6) The Court Order from 11/13/18, is in error when it issued an order mandatorily directing the Petitioner to Prematurely File a 42USC §1983 Prisoner Civil Rights Complaint by 12/13/18, knowing that the petitioner had clearly articulated in his petition that he could not exhaust his Administrative Remedies obligated under the PLRA, by that deadline, and the Court cannot order the Petitioner to BREAK THE LAW.

7) The Court Order from 11/13/18, is in error when it mandated the Petitioner to use only the provided 1983 Prisoner Complaint Form; when Rule 65 (Fed.R.Civ.P), clearly allow the filing of <u>EITHER</u> an Affidavit or Verified Complaint. The Order should have permitted the Petitioner to use an Affidavit in place of a complaint, and should have advised him as a Pro Se Petitioner, of his obligation to file such under Rule 65 of the Fed.R.Civ.P.

8) The Court Order from 11/13/18, is in error in it's bald assertion that the requested injunction would persist for an uncertain period of time. Then uses that false assertion to conclude such a burden on prison officials

is unwarranted and "the balance of equities does not favor" the Petitioner. First any Judicial analysis to Grant a TRO, should only consider the burden of the requested Action on Prison officials for only the duration of the TRO, and not on an undecided issue of a Preliminary Injunction. TRO's are by definition, temporary, and very short term, lasting only long enough for a scheduled hearing on the issue of a Preliminary Injunction. Next, the PLRA limits Preliminary Injunctions to only 90 days, whereby subsequent extensions can only be granted upon a renewed request and reconsideration by the Court. Last, The Petitioner clearly articulated that the property deprivation by denial of due process, was solely limited to him, and any TRO, or preliminary injunction would only be limited to him (and not the whole inmate population as the Court incorrectly presumed), and limited in duration to between 6 months to 1 year. The length of time needed to exhaust his obligated Administrative Remedies, and complete his legal research and initiate a Formal 42 USC §1983 Civil Rights Action. In Conclussion the Court's flawed analysis that the TRO, or Preliminary Injunction would indefinitely envelope every prison inmate, and over burden prison officials; is unsupported Fantasy. Based on these errors, the Court should reconsider the Petitioners Request for a TRO.

9) The Court order from 11/13/18, is in error in regards to it's analysis of liklihood to succeed on the merits. The Petitioner had made an error in his understanding of applicable law as presented in his petition, based on his inability to access legal assistance or research, and his understanding of Prison officials eligibility for Qualified Immunity and ~~the~~ Petitioners ability to collect for Damages in a 1983 Action, was wrong and consequently presented inaccurately. The Petitioner NOW argues that some Prison officials (those who functioned only in a supervisory and were not directly involved in violating the Petitioners rights; or subordinates who were acting under policy and also not directly involved in violating the Petitioners rights) would qualify for Immunity from civil damages. But that other prison staff

who knowingly violated both prison policies and established law would not qualify for immunity. Based on a Pro Se Petition being required to be reviewed liberally, any consideration by the court of the liklihood of success on the merits (based upon a faulty misstatement of applicable law) cannot be properly decided without the obligated Affidavit or Verified Complaint under Rule 65 of the Fed. R. Civ. P, which would clearly articulate all specific facts, Defendants, and each Defendant's individual liability. Therefore the Order was both in error and premature. Based on these errors, the court should reconsider the Petitioners Request for a TRO.

10) The Court Order from 11/13/18, is in error in regards to its analysis of the liklihood of irreparable injury. The Petitioner clearly articulated in his petition (see paragraph #10) that to prevent the immenent destruction of his unique personnal property, he needed a TRO. The Court Order misrepresented the Petitioners Argument. Any future Monatary Compensation would only repair the loss of his non-unique prison personnal property, but not his unique prison property. This should have been enough to satisfy the merits of a liklihood of irreparable injury to the Petitioner, and his need for a TRO. Based on this error, the Court should reconsider the Petitioners Request for a TRO.

11) The Court Order from 11/13/18, is in error in regards to its analysis regarding a showing that an injunction is in the public interest. 1st the issue before the Court was a requested TRO, and that is what the court ruled against, and not on the issue of the Preliminary Injunction. Next, The Petitioner points out that the court's analysis was based exclusively upon the faulty mispresentation of (Any) Defendant's Eligibility for Qualified Immunity by the Petitioner. As the Petitioner has explained in the preceeding paragraph (#9), the error was based upon his inability to access legal assistance or legal research, and his understanding of prison officials eligibility for qualified immunity was not accurate and presented inaccurately.



Such an error can only be corrected and properly decided by a filing of an Affidavit or a verified Complaint under Rule 65 (Fed.R.Civ.P), which would clearly articulate all specific facts, Defendants, and each Defendants individual liability. Therefore the court order was in error and premature. Based upon a pro se Petition being required to be reviewed liberally by the court, any consideration of the requested TRO, or preliminary injunction cannot and should not have been decided without an Affidavit or Verified Complaint. The Court should have given notice and opportunity to the Petitioner to file an Affidavit or a Verified Complaint to fully comply with Rule 65 (Fed.R.Civ.P) before making any order on the requested TRO. Based on these errors, the court should reconsider the Petitioner's Request for a TRO.

II) Now comes the Petitioner (Kibby) who in support of this motion for relief from Orders; which is brought under the authority of Rule 46 (objecting to ruling or Order) and Rule 60 (Relief from a Judgement or Order) of the Federal Rules of Civil Procedure; seeking relief from the 1/7/19 court order; and asserts the following:

12) On 12/6/18, the court recieved a petition for reconsideration of its 11/14/18 Order by USDC Judge Brian Morris, from the Petitioner. In Paragraph #6 of that petition, the Petitioner clearly informed the court that he was without access to legal assistance, legal research, Federal Rules of Civil Procedure, Local Court Rules of Procedure, caselaw, or other legal treaties and guidebooks. In paragraphs #3, #4, #5, #7, #8, #9, #10, #11; the Petitioner addressed mistakes and errors in the Order arising from oversights, inadvertance, suprise, and excusable neglect, and requested relief from that order. But he did not present new facts or applicable law that was materially different from the facts or law presented before entry of the order (other than those instances relevant to the inaccurate presumption and presentation of facts and law pertaining to Qualified Immunity for prison officials). On 1/7/19, USDC Judge Brian Morris denied the Petitioners Petition to

Reconsider Order, citing to Local Rules of Procedure 7.3 (Motions to Reconsider) Rules the Petitioner requested from the Prison Library repeatedly, but was not provided with, and the court was clearly informed of this fact. The Order never weighed consideration upon any of the Petitioners raised issues seeking grounds for relief from the courts Order on 11/13/18.

13) The Court order from 1/7/19, is in error when it failed to liberally construe the Petitioner Pro Se Petition to reconsider, as in fact a motion for relief from order under applicable Rules 46, and Rule 60 (Fed.R.Civ.P), which was in fact what it clearly was, despite its misnaming as a "Motion to Reconsider". The Petitioner clearly articulated in Paragraph #6 of that petition that he had no access to the Local Rules of Procedure; and could not have known, or been expected to know; the difference between the two. The Petitioner is originally from the State of New Hampshire, where "Motions to Reconsider" are used at the state Level to address objections and errors in a court order, and not exclusively to present new material facts or law; as is the case Local Federal District Court. The Court should not have ruled on the basis of the Petitioners mislabeled title, when the substanative content was clearly requesting relief from errors and mistakes in that order as seeking relief applicable under Rule 46 and Rule 60 (Fed.R.Civ.P), and not exclusively under Local Rules of Procedure 7.3. The Court should reconsider the merits of that Petition as seeking Relief from Order.

14) The Court order from 1/7/19, is in error when it failed to recognize that the Petitioner had in fact raised New Material Facts, and Law in relation to Prison Officials eligibility for Qualified Immunity (See Paragraph #9 of "Petition to Reconsider"), and thus had satisfied Local Rule of Procedure 7.3 b(1) A, B. A fact ignored and misrepresented in that Order. The Court should reconsider the merits of that Petition to Reconsider; and do so in consideration that it is a Pro Se Filing obligated to be liberally construed.

(8)

15) On 12/6/18, the Court recieved a Sworn Declaratory Affidavit and Legal Memorandum. Section (I) of the Affidavit was a substanatively and thorough articulation of all the facts. Clearly establishing that the Petitioner suffered deprivations of both his property and liberty interests without obligated due process under the 14th Amendment. It listed all the Defendants, Defendant's liabilities (clearly establishing which would, or would not, be likely eligible for Qualified Immunity), and specifying any prospective relief that would be sought under any future 42 USC §1983 Civil Rights Complaint. Section (II) was Affirmation of Section (I) under penalty of perjury. Section (III) was a 10 page Legal Memorandum in support all preceedings filings to date. Section (IV) Sought relief seperately from errors in the courts 11/13/18 order by Specifically requesting that the Court: " A) Accept this legal document in support of his Emergency Petition for a TRO and Preliminary Injunction, and also his petition to reconsider; in substitution for the Court Ordered 1983 Complaint Forms. And then... B) Grant his petition to Reconsider Order. [Which should have been labeled as a Motion for Relief From Order] And then... C) Find that the Petitioner is Threatened with irreparable harm in the form of pending destruction of his personnal property and unique personnal property; and that the balance of hardships favors the petitioner; the Petitioner is likely to succeed on the merits; that the relief sought will serve the public interest; that as an indigent prisoner he is not able and should be relieved from Posting Security. And then... D) Grant the Petitioner's Emergency TRO. And Then... E) Grant the Petition for a Preliminary Injunction."

16) On 1/7/19, USDC Judge Brian Morris ruled exclusively on the Petitioner's "Motion to Reconsider", without actually addressing it's requests for relief from his 11/13/18 order. He did not address or rule upon the seperately requested relief that was presented on Page 27 (Section IV) of the Petitioners sworn Declaratory Affidavit and Legal Memorandum (as referenced in the preceeding paragraph #15). The Court should have addressed and ruled upon these valid requests for relief under Rule 46 and Rule 60 (Fed. R. Civ. P.).

17) The 1/7/19 order is in error, when it failed to address the Petitioners request that the Sworn Declaratory Affidavit w/ Legal Memorandum be accepted "in substitution for the court ordered 1983 Complaint forms", a request for relief that is consistent with both the PLRA, and Rule 65 (Fed.R.Civ.P.). Nor, did it explain, or justify any rationale why the Sworn Declaratory Affidavit w/ Legal Memorandum, wasn't suitable for the courts purposes, to satisfy the need for the Petitioner to "clarify his claims and intentions". Is the Court attempting to entice the Petitioner into prematurely filing a 42USC§1983 Complaint, only to later dismiss it under 42 USC§1997(e)a (PLRA), and create a procedural barrier to access the courts? The Court should have considered and ruled upon accepting the Affidavit in substitution for a Complaint.

18) The 1/7/19 Order is in error, when it did not use the Sworn Declaratory Affidavit and Legal Memorandum to reconsider the merits of the Petitioners original request for a TRO, in the proper light of all the relevant and specific facts before the court under oath as obligated under Rule 65 (Fed.R.Civ.P). The original order was premature without such an Affidavit, particularly in light of the court's opinion that the original TRO Petition wasn't clear in its claims and intentions. When the Petitioner clarified his claims and intentions, the court was obligated to reconsider its previous ruling on the merits of a TRO.

19) The 1/7/19 court Order is in error, when it failed to construe the Sworn Declaratory Affidavit and Legal Memorandum from a Pro Se Petitioner liberally, especially in light of Section (III), paragraph #21 (page 17) clear explanation of the Petitioners difficulties and obstacles in obtaining meaningful legal research to prepare his legal filings. Summarily ignoring the Affidavit and Memorandum completely, Instead of accepting it in support of his original TRO request, his request for a preliminary injunction; or also as a Request for Relief from Order under Rule 46 and 60 (Fed.R.Civ.P).

20) When the 1/7/19 order is considered in light of the preceeding 11/13/18 order, the Petitioner is still obligated to exclusively file only a complaint using the court provided "Prisoner Complaint Form", which on Page 5 would force him to prematurely file a 42 USC §1983 Civil Rights Claim, and then on Page 7 claim that he failed to satisfy 42 USC §1997e(a) (PLRA) exhaustion requirements. Such an Order is in error if it forces the Petitioner to break the law and bar his access to the courts to otherwise file a valid claim. Such an order is in error when it precludes Rule 65 (Fed.R.Civ.P.) which permits filing an Affidavit. The court has provided no legal justification as to why an Affidavit would not satisfy the Rule, or the courts need for the Petitioner to clarify his "claims and intentions". To further clarify, the courts authority to Grant TRO's or Preliminary Injunctions does not come from either 42 USC §1983, or 42 USC §1997e(a); it comes from Rule 65 (Fed.R.Civ.P) which permit discretion to Grant Relief pending exhaustion of Administrative Remedies. Unless the PLRA explicetly says so, it does not NOT overturn the usual practices of Litigation applicable under the Federal Rules of Civil Procedure (See: Jones v. Boek, 549 U.S. 199, 214-17, 220-22, 127 S.Ct. 910 (2010)). (See also: Gilmore v. California, 220 F.3d 987, 1006 (9th Cir 2000)). (Holding that PLRA "merely codifies existing law and does not change the standards for determining whether to Grant an Injunction".)

III) Now comes the Petitioner (Kibby) who based upon the preceeding paragraphs, raised issues, and arguments; makes the request for the following relief:

A) That the court correct its persistent error in mislabeling the cause of the action as merely deprivation of property that the Petitioner cannot mail out, and appropriatly as a 14th Amendment deprivation of liberty and property interests without due process. Then actually confront the substance of that Constitutional Deprivation instead of continuing to evade it. And/or...

B) That this filing, all preceeding filings, and all future filings, be liberally construed as they are all Pro Se Submissions without the benefit of legal assistance, and often legal research, and not to be held to the higher standard of filings from Professional Attorneys. And that whenever there is a procedural issue, of error, excusable neglect, oversight, or omission, that the Petitioner be given a reasonable notice and opportunity to correct before a final and unreviewable order is issued by the Court. And/or...

C) That the Court ammend its Orders from 11/13/18, and 1/7/19 by USDC Judge Brian Morris, to comport to Rule 65 (Fed. R. Civ. P) and PLRA, by allowing the Petitioner's "Sworn Declaratory Affidavit and Legal Memorandum" in substitution of the court ordered use of the 1983 Prisoner Complaint Forms. And/or...

D) That the Court recognize the Petitioners "Petition to Reconsider Order" from 12/6/18, as in fact a "Motion for Relief from Order" under Rule 46 and 60 (Fed. R. Civ. P), and not exclusively subject to Rule 7.3 - USDC Local Rules of Procedure. And as such, to re-examine and address the issues raised therin and rule on its requested relief. And/or...

E) That the Court recognize the Petitioners requests for relief under Section IV of his Sworn Declaratory Affidavit and Legal Memorandum from 12/6/18, as another redundant, seperate, and distinct, Request for Relief from order under Rule 46 and 60 (Fed. R. Civ. P); and as such to re-examine and address the issues raised therin and rule on its requested relief. And/or...

F) That the TRO, which was decided without the obligated Affidavit under Rule 65 (Fed. R. Civ. P), be reconsidered using the Petitioners Sworn Declaratory Affidavit and Legal Memorandum, and the "Petition to Reconsider" (IN Fact a Motion for Relief from Order), and then decide on the Merits of the Petition for a TRO. AND/OR...

6) Or any other just relief this Court may deem appropriate and in the interests of Justice.

Respectfully Submitted,

*Nathaniel J. Kibby*

Nathaniel Kibby #3019567 (PRO SE)
Montana State Prison
700 Conley Lake Rd.
Deer Lodge, MT 59722

## CERTIFICATE OF SERVICE

I certify that I have filed a copy of this — Motion For Relief from Orders — with the Clerk of Court — Helena Division USDC at 901 Front St., Suite 2100, Helena, MT 59629

—AND—

That I have also submitted a copy to the Defendant — Jim Salmonson — Interim Warden of the Montana State Prison Deer Lodge — Using the Postal System, as Legal Mail Submitted for handling through the Prison's Internal Mail System (700 Conley Lake Rd. Deer Lodge MT 59722)

Submitted this 16th day of January 2019

*Nathaniel J. Kibby*
Nathaniel Kibby #3019567 (PRO SE)